APPellate District of TEXAS          (1 of 18)

Sylvester Kelly
        APPellant

V.

THE STATE OF TEXAS
        APPellee

**ORIGINAL**

FILED IN     NO. 06-12-00141-CR
The Court of Appeals
Sixth District

JAN 02 2015

Texarkana, Texas
Debra Autrey, Clerk

RECEIVED IN
The Court of Appeals
Sixth District

DEC 29 2014

Texarkana, Texas
Debra Autrey, Clerk

APPellants Pro Se Brief In Response
to Anders Brief  APPeal from 41,078-A
District Court Gregg County, TEXAS

Oral Arguments Is Not Requested

To THE HONoRABle Judges of Said Court Comes, Sylvester Kelly,
the APPellant In the Above Numbered And Styled Cause And files
his Pro Se Response to Anders brief. As ordered by the Court
on July 25, 2014. The APPellant will Provide the following Support:

HONORABLE DAVID BRABHAM
188th JUDICIAL DISTRICT
101 E. Methvin
Longview, Texas 75601

Ms. Debbie Garrett
SBOT No. 00790747
And
Mr. Chris Datto
SBOT No. 24064926
ASSISTANT CRIMINAL DISTRICT ATTORNEYS
101 E. Methvin, Suit 333
Longview, Texas 75601
Telephone: 903.236.8440
REPRESENTING THE STATE OF TEXAS

Mr. James R. (Rick) Hagan
SBOT No. 00786430
Attorney At Law
P.O. Box 3347
Longview, Texas 75606
Telephone: 903.757.9877
REPRESENTING THE DEFENDANT

Vernard Solomon
SBOT #18835000
103 E. Houston
Marshall, Texas 75670
Telephone 903.938.4555
Attorney On Appeal Only

# TABLE OF CONTENTS

Identity of Parties — Pg. 2 of 18

Table of Contents — Pg. 3 of 18

Index of Authorities — Pg. 4 of 18

Statement of the Case — Pg. 5 of 18

Issues Presented — Pg. 5 of 18

Statement of Facts — Pg. 6-15 of 18

Summary of the Argument — Pg. 16 of 18

Argument — Pg. 17 of 18

Prayer — Pg. 18 of 18

Johnson v. State, 673 S.W.2d 190 — Pg. 6-18

Tash v. Lockhart, 879 F.2d 412.414 (8th Cir. 1989) — Pg. 6-18

Fernandez v. State, 830 S.W.2d 693.697 Tex. App. Houston 1st Dist 1992) Pg. 8-18

Gomez v. Beto, 462 F.2d 596 — Pg. 8 of 18

Ex parte Ybarra, 629 S.W.2d 943 — Pg. 8 of 18

Ex parte Fetton, 815 S.W.2d 733 (Tex. Cr. App 1991) — Pg. 8 of 18

Passmore v. Estelle, 594 F.2d 115 — Pg. 9 of 18

Caldwell v. Thaler, 770 F.Supp.2d 849 — Pg. 9 of 18

Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed 2d 1217 — Pg. 9 of 18

Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed 2d 104 — Pg. 9 of 18

Ex parte Adams, 768 S.W.2d 281 — Pg. 10 of 18

Duggan v. State, 778 S.W.2d at 468 — Pg. 10 of 18

United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed 2d 342 — Pg. 10 of 18

Brady v. Maryland, 373 U.S. 83, 83 S.Ct 1194, 10 L.Ed 2d 215 (1963) — Pg. 10 of 18

Westley v. Johnson, 83 F.3d 714, 726 (5th Cir. 1996) — Pg. 10 of 18

Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed 2d 402 (1969) — Pg. 10 of 18

Neil v. Biggers, 409 U.S. 188, 198, 93 S.Ct. 375, 381-82, 34 L.Ed. 2d 401 (1972) Pg. 11 of 18

Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199 (1967) — Pg. 11 of 18

Manson v. Brathwaite, 432 U.S. 98, 112-14, 97 S.Ct. 2243, 53 L.Ed 2d 140 (1977) Pg. 11 of 18

United States v. Russell, 532 F.2d 1063, 1066 — Pg. 12 of 18

DisPensa v. Lynaugh, 847 F.2d 211.218 (5th Cir. 1988) — Pg. 14 of 18

Ex parte Brandley, 781 S.W.2d 886 — Pg. 14 of 18

Flores, 778 S.W.2d 526 — Pg. 14 of 18

Menefee v. State, 614 S.W.2d 167.168 (Tex. Crim. App. 1981) — Pg. 15 of 18

Puckett v. State, 168 Tex Crim. 615 333 S.W.2d 465 (Tex. Crim. App 1959) — Pg. 15 of 18

Sepulveda v. State, 751 S.W.2d 667, 669 (Tex. App - Corpus Christi 1988) — Pg. 15 of 18

United States v. Washington, 44 F.3d 301, 320 — Pg. 15 of 18

Fontaine v. California, 390 U.S. 593, 88 S.Ct. 1229, 20 L.Ed 2d 154 (1968) — Pg. 15 of 18

Moore, 849 S.W.2d at 351 — Pg. 15 of 18

Caldwell v. State, 818 S.W.2d 790, 800 — Pg. 15 of 18

Tex. Code Crim. P. Ann. Art 38.08 (Vernon 1979) — Pg. 15 of 18

## Statement of The Case

The Appellant was Indicted by the Gregg County Grand Jury for the offense of Aggravated Robbery Alleged to have Occured on the 30th day of October, 2011, to wich he Plead "Not Guilty" to the Jury. There being No election for the Jury to Set Punishment, the Court heard the evidence And Sentenced the Appellant to Fifty (50) years In the Texas Department of Corrections Institution Division.

## Oral Argument Notice

Appellant does Not request Oral Argument

## Issues Presented

### Issue # One

Legal And factual Insufficent of evidence, focusing upon the Identity element - Evidence Is Insufficent to Identify defendant As Perpetrator beyond reasonable doubt

### Issue # Two

Ineffective Assistance of Counsel

### Issue # Three

Use of Perjured or falsified evidence - failure to Correct false testimony

### Issue # four

Suggestive Identification Procedure

### Issue # five

Improper Investigation Procedures

### Issue # Six

Prosecutor Misconduct - Improper Statements during closing Arguments - Bolstering State's witness

# Statement of the Facts

On February 25, 2013, Appellate Counsel filed Anders brief in the Court of Appeals for the Sixth Appellate District of Texas. Then on the same date, Appellate Counsel wrote a letter to Appellant to inform him, inter alia, of his right to file a Pro Se response to the Anders brief.

## Issue # One

Appellant contends that the evidence focusing on the identity element was insufficient to support the conviction. Circumstantial evidence amounting only to a strong suspicion did not sustain a conviction for Aggravated Robbery where the complaining witness, as well as the alleged eye witness, failed to identify Appellant as the man who committed the offense. (SF. Vol 3. P 99, L 6-22), (SF. Vol 3. P 103, L 25), (SF. Vol 3. P 104, L 1-10), (SF. Vol 3. P 105, L 10-21), (Vol 3. P 106, L 1-21) (Vol 3. P 125, L 25) (SF Vol 3. P 126, L 1-3) (SF. Vol 3. P 107, L 1-7) The State is under the burden of showing that this Appellant is the man who committed the offense charged. Unless and until the State satisfies that burden, the guilt of this Appellant is not shown. To sustain a conviction, it should appear not only that an offense is charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed it. There must be legal and competent evidence pertinently identifying the defendant with the offense charged against him. See Johnson v. State, 673 S.W.2d 190. (The State is required to prove that the Accused was the person who committed the crime.)

## Issue #Two

Ineffective assistance of trial counsel. In which trial counsel failed to exercise skill and diligence that reasonable competent attorney under similar circumstances. When trial counsel failed to find and interview any potential witnesses to ascertain whether their testimony ~~would~~ would have aided Appellants alibi or innocence defense. See Tosh v Lockhart, 879 F.2d 412, 414 (8th Cir. 1989) The evidence at Appellants trial establishes a strong case that the driver and passenger of the car the Appellant was arrested

In were extremely relevant witnesses. And their Attendance at trial was very important. (Sf. Vol 3. P 67, L 1-11), (Sf Vol 3. P 68, L 2-8). It is undisputed that due to the lack of identification in this case these witnesses were crucial to the defendant defense. Or lack there of. The defendant was prejudiced by the absence of this testimony. Because trial counsel failed to call witnesses, the jury did not hear testimony that someone other than appellant committed the alleged crime. If jury would have heard this testimony, the jury may have Acquitted appellant under either theory of guilt. Appellants trial Counsel, Mr. Hagan, decision to not prepare a defense was not related to trial strategy, but instead, was Animated primarily by a desire to save himself labor- to avoid preparing a defense that might ultimately prove unnecessary due to trial counsel belief that appellant was to accept plea agreement. (Sf. Vol 2. P 9, L 8-25) (Sf. Vol 2. P 10, L 1-15)

Appellant also contends that trial counsel was unaware of the chain of custody involving the currency that was admitted as exhibit 7A (Sf. Vol 3. P 48, L 4-14) And the state's intention to introduce the currency in the matter that it was introduced, due to his failure to conduct any pretrial discovery. The evidence At appellant's trial establishes a strong case that the appellant was subjected to the danger of unfair prejudice due to the matter the currency was introduced, therefore, misleading the jury. Had trial counsel conducted any meaningful pretrial discovery he would have been aware that certain damaging evidence might have been the appropriate subject for a suppression motion. This argument invades trial counsel failure to file a motion in limine. Appellant argues that as a result of not filing the motion in limine damaging testimony by officer Gibson (Sf. Vol 3. P 48, L 6-9, And Alleged eye witness. (Sf. Vol 3. P 118 - P 130) was Admitted into evidence. Trial counsel failed to file motion in limine to prevent the highly prejudicial and harmful testimony regarding the confiscation of the currency in the defendants possession. The procedure the officer testified to subjected appellant to the danger of unfair prejudice, confusion of the issue, or misleading of the jury. Due to the turning over the confiscated currency to the Alleged victim at the scene of the offense, without any proof of ownership. (Sf. Vol 3. P 48, L 6-10), (Sf. Vol 3. P 96, L 22-23) And also failed to prevent the testimony of the Alleged eyewitness from being admitted. He failed to request And instruction to disregard And he failed to request a mistrial. If trial counsel would have filed a motion in limine Alleged eye-witness testimony wich gave jury false impression would not have been admitted into evidence. Had trial counsel been functioning effectively, this testimony would not have been admissiable due to no evidence Admitted at appellant's trial or in the record gives proof to Aubrey Marrow being a

Actual eyewitness to the offense appellant was charged with. (Sf. Vol 4 P 17, L 14-18) And not been used as substantive evidence of guilt. If the evidence was inadmissible or admissible only for a limited purpose, impeachment, then trial counsel's failure to object or request a limiting instruction could have created a reasonable probability, but for the failure, the result of the proceeding would have been different. If counsel would have requested a limiting instruction to Morrow's testimony as an alleged eyewitness the judge would have either granted the request, thus precluding the jury from considering the testimony for its truth and leaving the state with insufficient evidence to convict, being that the testimony was used by the state to bolster its claim, or denied the request, thus committing error. See Fernandez v. State, 830 S.W.2d 693, 697 (Tex. App-Houston 1st Dist 1992) Because trial counsel failed to reasonable prepare and investigate. Counsel lacked the pretrial motion necessary to impeach Morrow's alleged eyewitness testimony. The record glaringly reflects that trial counsel was limited to defending through cross examination rather than presenting a defensive theory. As is so often the case in situations where any viable defense has not been raised, the dereliction is because the attorney is not familiar with the defense or he has not adequately investigated the facts of the matter. See Gomez v. Beto, 462 f.2d 596. The court asserts in such circumstances in which defense withdrawn from the case was crucial one, the judgement may not be saved by speculating whether the defense would have been successful, regardless of the apparent strength of the prosecutor's evidence. A trial in which only one side of the case is heard is fundamentally unfair and hence constitutes a denial of due process of law. Such conviction cannot stand. See Ex Parte Ybarra, 629 S.W.2d 943. Appellant also contends that trial counsel was ineffective in failing to properly investigate the validity of prior convictions. And failed to know the law to be applied to that conviction. And appellant was advised to stipulate to the prior convictions without being advised of the stipulation. (Sf. Vol 5. P 6, L 4-25), (Sf. Vol 5 P 7, L 1-25)(Sf. Vol 5. P 8, L 1-21). Conviction, Cause No. 2010-0427, Cause No. 0083192, Cause Number 0083176, void and could not be used for purpose of enhancement or impeachment, as they were obtained without benefit of counsel. (Vol 6 P 217, Vol 145)(Vol 6 P 219)Vol 145. ~~———~~. See Ex Parte Felton, 815 S.W.2d 733 (Tex. Cr. App 1991) Appellant also argues that appellate counsel was deficient for his failure to allege trial counsel's ineffectiveness as a point of error on appeal. See

## Issue # Three

Appellant Contends that Appeal Counsel ~~———~~ erred In Filing Anders brief because the record clearly Shows the State use of Perjured or falsified evidence. failure to Correct false testimony. ▪(Sf. Vol 3. P 118)-(Sf. Vol 3. P 130) The Prosecution denies A Criminal defendant due Process when It knowingly use Perjured testimony At trial or Allows untrue testimony to go uncorrected. See Caldwell v. Thaler. 770 F. Supp. 2d 849. Appellant Asserts that his conviction was obtained In violation of due Process And due course of Law, when Aubrey Morrow Committed Perjury when he testified doing Appellants trial that he was Aneyewitness to the Alleged offense. The Investigator who Mr. Morrow gave A Statement to was obviously aware of Morrow's Lack of knowledge of the Incident. Consequently, As a Part of the Investigating team his knowledge of Morrow's Lack of Identification doing the Interview. And Morrow was Imputed to the Prosecutor. The Issue of Mr. Morrow's Perjurious testimony regarding him being on the Scene As An eyewitness Involves both the Suppression of evidence favorable to the Accused And the State's knowing use of false testimony. See stated In NaPue v. Illinois. 360 U.S. 264. 79 S.Ct. 1173, 3. L.ed 2d 1217 (1959) And repeated In Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.ed 2d 104. Appellant Counsel erred In not taking notice of the fact that there was No Mention In officer Bryand, Steven or officer Gibson, Ryan offense report Pertaining to their observation of the Scene or the victim Statement, of Any Person being A Passenger or was An eyewitness to the Committed Act. Futhermore, officer Bryand was question doing direct Examination by Prosecutor As to him talking to Any other witnesses from the Scene (Sf. Vol 4. P 17, L 14-18) Neither Officer testified to being Aware of A Passenger or Anyone claiming to be A eye witness to the Alleged offense. It Is well known that a due Process violation May Arise not only through false testimony Specifically elicited by the State, but Also by the State's failure to Correct testimony It knows to be false, It does Not Matter whether the Prosecutor Actually knows that the evidence is false, rather, It is enough that he or she should have

recognized the misleading nature of the evidence. See Ex parte Adams, 768 S.W.2d 281, Duggan v. State, 778 S.W.2d At 468. And Giglo v. United States. The Supreme Court has stated that if the false testimony could in any reasonable likelihood have affected the judgment of the jury then it was sufficiently material to require a new trial. See United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed. 2d 342.

Appellant contends Appellant Counsel erred in filing Anders brief because trial record clearly shows that Prosecutor presented a false picture to the jury by knowingly using perjured testimony. And by failing to correct that testimony when its falseness became apparent. Suppression of favorable, material evidence violates the accused's constitutional right to a fair trial. The suppression envisioned includes the situation in which the State, although not soliciting false evidence, allows it to go uncorrected when it appears. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963) quoting Napue v. Illinois. False evidence is deemed material for this analysis if there is any reasonable likelihood that [it] could have affected the jury's verdict. See Westley v. Johnson, 83 F.3d 714, 726 (5th Cir. 1996). Since there is clearly a reasonable likelihood that Morrow's testimony that he was an eye witness to the actual offense could have affected the jury's verdict, there can be no doubt that Morrow's testimony was material.

## Issue # four

Appellant contends that Appellant Counsel erred in filing Anders brief because the record clearly shows Appellant was subjected to unduly suggestive pretrial identification procedures. During cross examination while being question by defense attorney, Michael Boyd stated that he was told by the Police who he should identify. (S.F. Vol 3. P 106, L 17-24) The identification of a defendant in a manner that suggests whom the witness should identify is a denial of the defendants right to due process of law. See Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed 2d 402 (1969) See Also

Neil v. Diggers, 409 U.S. 188, 198, 93 S.Ct. 375, 381-82, 34 L.Ed.2d 401 (1972), Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Furthermore, Mr. Boyd In-Court Identification was given under undeniable suggestive conditions, (SF. Vol 3. P 95, L 13-25)(SF. Vol 3. P 96, L 1-14), (SF. Vol 3. P 104, L 20-25), (SF. Vol 3. P 105, L 1-6). In a context of failed earlier identification, that must raise serious doubts about the reliability of his profered testimony. The fact that Mr. Boyd was well familiar with Appellant, nevertheless at no point prior to trial identified Appellant as the robber. (SF. Vol 3. P 99, L 6-22) Even after police told Mr. Boyd who he should identify, Mr. Boyd still did not identify Appellant as the person who committed the offense, (SF. Vol 3. P 106, L 25)(SF. Vol 3. P 107, L 1-3) Inevitably heightens the risk that his In-Court Identification was induced by the suggestiveness of the setting in which it occurred. This combination of circumstances certainly raise the question whether here, as In Foster v. California, 89 S.Ct. 1127, the suggestiveness "may have made it all but inevitable that (the witness) would Identify Appellant" whether or not the Appellant was the perpetrator and that this procedure so under-mined the reliability of the ■ witness identification as to violate due process. Foster, 394 U.S. At 443, 89 S.Ct. 1127. There was several factors wich demonstrate that Boyd's identification was unreliable. First neither Boyd nor Morrow were able to provide a detailed description to the Police Prior to the apprehension of Appellant. This makes it impossible to assess the reliability of Boyd's identification based on accuracy of any prior description, and leaves open the possibility that ▬ his later In-Court identification were tainted by the apprehension of Appellant. As stated by Boyd doing cross examination. (SF. Vol 3. P 107. L 12-13). Such procedures are disapproved because they increase the likelihood of misidentification. Wich violates defendant's right to due process. Neil v. Bigger, 409 U.S. 188, 198, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972). When the Prosecution offers testimony from a witness to identify the defendant as a perpetrator of the offense, fundamental fairness requires that the identification testimony be reliable. See Manson v. Brathwaite, 432 U.S. 98, 112-14, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) Futhermore, Involving ▬▬ the question of whether under the totality of the circumstances was the identification reliable. In Biggers, 409 U.S. At 199, 93 S.Ct. At 382. The Supreme Court has set out the

factors to be considered. With respect to the first factor - the opportunity to view the criminal at the time of the crime - Both witness testified at trial that they barely looked at the robber during the robbery. With Boyd testifying to only seein someone in a yellow hoodie and a pistol. (Sf. Vol 3 P 95, L 5-8), (Sf. Vol 3 P. 122, L 23), (Sf. Vol 3. P.91, L 10-11). With respect to the second factor - the witness degree of attention - Morrow testified to him and Boyd being under the influence of Marijuana and drinking. (Sf. Vol 3. P. 122, L 5-13). Futhermore there was no futher description after the witnesses testifying to a shot being fired. Which Boyd, based on his testimony was under a degree of stress caused by the effects of the pistol being fired. (Sf. Vol 3. P. 91, L 14-17) (Sf. Vol 3. P. 97, L 9-11) which had an affect on his attention. Supreme Court has noted the important effects stress or ~~excitement~~ excitement may have on the reliability of an identification. See United States v. Russell, 532 f.2d 1063, 1066. Boyd was obviously affected by such stress. In respect to the third factor - the accuracy of the prior description of the suspect. The alleged eye witness, Aubrey Morrow testified to not being able to give no description of the suspect face or what he was wearing. (Sf. Vol 3. P 135, L 25) (Sf. Vol 3. P 126, L 1-3). And Michael Boyd ~~testified~~ testified to only being able to give a description of the gun and of a yellow hoodie. (Sf. Vol 3. P. 95, L 5-8). Futhermore, the officer who interviewed Boyd at the scene testified to Boyd's entire description was of a black man approximately 6 feet and wearing a yellow hoodie. (Sf. Vol 4. P 16, L 19-25). Accuracy also refers to how particularly a description matches a suspect. And Boyd was unable to even describe the robber weight, build, or facial hair. Keeping in mind the appellant being someone who Boyd testified to as knowing since elementary. (Sf. Vol 3. P 98, L 10-13). And claiming to know appellant well enough to be familiar with his stature. And the ~~them~~ way he walks. (Sf. Vol 3. P 95, L. 16-25) (Sf Vol 3. P 96, ~~th~~ L. 1-2). Concerning the fourth factor - Level of certainty. Due to there not being a pre-trial detailed description given, the witnesses Level of certainty was clearly Low.

## Issue # five

Appellant contends that appellant counsel erred in filing Anders brief because the trial record clearly shows that the robbery investigation was so contrived that it created false testimony. Boyd and Morrow' undoubtly felt obligated

to agree with the Police, whose actions exhibited their belief that they had apprehended the correct suspect. Essentially, Doyd and Morrow were given a choice to identify the apprehended suspect or nobody at all. (SF. Vol 3. P.107, L 12). Due to Improper Investigative Procedures Neither Doyd nor Morrow was ever shown any other suspects, photographs or a lineup. This coercive scenario increased the possibility of Misidentification. The blind focus of the Investigative Procedure was evident due to the arresting officer's refusing to so much even question the owner and passenger of the car that was pointed out by the Victim. ▮▮▮▮▮ (Sf. Vol 3. P. 107, L 3-11) Bearing In Mind that the Pistol and yellow hoodie that Doyd gave descriptions of were both located In this car. (SF. Vol 3. P 68, L 1-11). A car that when appellant was arrested Possed no keys to (SF. Vol 3. P. 66, L 1-22) Furthermore, appellant complains State failed to conduct Proper Procedures due to failure to do A Atomic Absorption test - to determine If A gun had been fired by defendant. As had been reported by the Victim (SF. Vol3.P.91, L 10-11). Appellant Also Complains that the blind focus of the Investigative Procedure was Made even More evident by the Improper chain of Custody Procedure. In which officer Gibson confiscated the currency In appellant possession and releasing It to Mr. Doyd at the scene of the offense without Any known test to Prove Doyd and not appellant was the actual owner (SF. Vol 3. P. 36, L 1-7)(SF. Vol 3. P. 48, L 6-9) In which doing testimony, Doyd was unsure of the Amount of currency. And the Prosecutor had to Inform him of the Amount. (SF. Vol 3. P91, L 18-24) Officer's continued blind focus despite the fact that evidence doing Pre-trial Investigation, or Lack there of, showed appellant was not owner of car. Due to no keys being found In appellant's Possession. And Arresting officer report States car was released to owner. That Victim nor alleged eye witness Identified appellant At Any Point of time doing Pre-trial Investigation, (As been shown In Issue #One and Issue #Four) As being Perpetrator. As well as gun discovered at the scene that was Identified As the gun that was used In the robbery ▮▮ Proved after being tested to Not have appellant's fingerprints on It. (SF. Vol 3. P. 81, L 17-24) The State resisted All effort to obtain statements from owner of car (SF. Vol 3. P 68, L 1-11). State resisted All effort to obtain Photo's of driver and Passenger SF. Vol 3. P 68, 1-11) for Identification Purpose. Despite the fact that Victim and alleged eye witness failed to Identify appellant As Perpetrator. Bearing In Mind the offense occured In a Public

outing. That being a Club Parking Lot (Sf. Vol 4. P 11, L 4-7) whereas there was obviously other witnesses to an incident involving a gun being discharged.

Appellant contends this is a case whereas the State Investigative Procedure is so Improper it resulted in a denial of Appellant's right to due Process of Law. See Foster v. California, 394 U.S. 440, 89 S.Ct. 1127. 22 L.Ed. 2d 402, Dispensa v. Lynaugh, 847 f 2d 211, 218 (5th Cir. 1988). The Cumulative effect of the investigative Procedure, judged by the totality of the circumstances, resulted in a deprivation of Appellants right to due Process of Law by Suppressing evidence favorable to the Accused. And by Creating false testimony and Inherently unreliable testimony. This being evident due to the Police having to tell the victim who he should Identify. (Sf. Vol 3. P 106, L 17-24) The record clearly shows Boyd And Morrow would have testified Against whoever the State decided to Put on trial As the defendant. (Sf. Vol 4. P 12, L 15-21) Its Apparent that neither witnesses had Any knowledge of who the Actual Perpetrator was (Sf. Vol 3. P 103, L 22-25) (Sf. Vol 3. P 125 - Sf. Vol 3. P 126, L 1-3). Appellant Asserts that state's Investigative Procedure Violated Appellant's right to due Process of Law And A fundamentally fair trial. State's Pretrial Investigative Procedures were so Impermissibly Suggestive of Appellant that It Prevented them from being Able to focus on Any other Leads. Which gave Jury A false Impression. Appellant relies on Ex Parte Brandley, 781 S.W. 2d 886.

## Issue # Six

Appellant Contends that Appellant Counsel erred In filing Anders brief because the record clearly Shows the Prosecutors committed Improper Jury Argument during their closing Argument. (Sf. Vol 4. P 31, L 20-21) " without finding Mr. Kelly guilty today Justice will not be done". (Sf. Vol 4. P 33, L 5-7) "And At the end of that Inspection And examination, you find Mr. Kelly guilty because he Is guilty." (Sf. Vol 4. P 33, L 13-14) " we Apply our Life experience to It, And then we know that Mr. Kelly Is guilty." Prosecutor Statements does not fall within one of the four general Categories of Proper Argument, 1) Summation of the evidence; 2) reasonable deduction from the evidence; 3) Answer to Argument of opposing Counsel; 4) Plea for Law Enforcement. In which Statements gives Jury false Impression that If they didn't find Appellant guilty justice would not have been served. There was No Mention In these Statements As to the evidence being the reason for A guilty verdict. Only Prosecutor Personal belief of guilt. See flores, 778, S.W. 2d 526. (Sf. Vol 4. P 34, L 20-23) There was No evidence Admitted doing trial or In the record Showing that the Currency that was Introduced Into evidence, And the wallet that was Introduced Into evidence was Connected with each other (Sf. Vol 3. P 35,

L.3-20)(Sf.Vol.3.P.86.L1-7). A Prosecutor may not directly refer to or even Allude to evidence that was not Adduced At trial. See. United State v. Morris, 568 f.2d 396, United States v. Young, 470 u.S.1,18,105 S.Ct.1038,1047 84 L.Ed.2d 1,14 (1985) (Sf.Vol4.P.35,L.17-19). Appellant contends that it was Improper for the Prosecutor to bolster the State witness testimony by [redacted] Injecting Into the Argument her Personal Opinion About his honesty And truthfulness. Sf.Vol4.P50.L 19-25)- Sf.Vol4.P51,L3-5) See Menefee v.State, 614 S.W.2d 167,168 (Tex.Crim.App.1981) Citing Puckett v.State, 168 Tex.Crim.615 333 S.W.2d 465 (Tex.Crim.App.1959) ("I'm telling you that they are telling the truth" held to be Improper Argument requiring reversal), Sepulveda v.State, 751 S.W.2d 667,669 (Tex.App-Corpus Christi 1988). Prosecutor Statement bolstered A State witness testimony [redacted] who the record clearly shows Lied About being a witness to the offense.(Sf.Vol4.P 17,L.14-18) when she Injected Into the Argument her Personal Opinion About Morrow's honesty. which Most likely left the jury with the Impression that if he was telling the truth About certain Admissions doing his testimony. then his whole testimony was to be believed. Futhermore, Prosecutor clearly Injected Matters not In the evidence. when she stated that Boyd's reason for Not Identifying Appellant was due to him being scared to testify to that. Sf.Vol4.P. 50, L 19-25)-(Sf.Vol4.P51, L 3-5). Her statement clearly Mislead the jury to believing She Possed Personal knowledge of the case that goes beyond the evidence Presented. And have Personal knowledge of the witness, And facts that confirm the witness testimony or may Add credence to such testimony. See United States v. Washington, 44 C.3d 307, 320. Also Appellant contends that Prosecutors [redacted] Injected Into Argument remarks that call to Absense of evidence which only Appellant could have supplied (Sf.Vol4.P.39, L.12-19).(Sf.Vol4.P.39,L.20-25 - Sf.Vol4.P.40,L.1). [redacted] See Fontaine v.California, 390 U.S.593. 88 S.Ct.1329.20 L.Ed 2d 154(1968), Moore,849 S.W.2d at 351, Caldwell v.State, 818 S.W.2d 790.800. The Texas Code of Crim Procedure specifically Prohibits the State from making reference to A defendant's failure to testify. Article 38.08 of the code Provides that "Any defendant In A criminal action shall be Permitted to testify In his own behalf therein, but the failure of Any defendant to so testify shall not be [redacted] taken As A circumstance against him, Nor shall the same be Alluded to or Commented on by Counsel In the cause. Tex.Code Crim.P. Ann. Art 38.08 (Vernon 1979).

## Summary of the Argument

Appellant Counsel erred in filing Anders brief without exercising sufficient diligence in assaying the record for error, and bringing to the Courts Attention the Arguable Issues in the case.

Anders v. California, 386 U.S. 738 (1967)

# Argument

When APPellant's Counsel fail to Advance All Arguable grounds of error . . . that would Afford the APPellant A reversal of Conviction or Any other relief, due to not exercising Sufficient diligence In Assaying the record for error, And bringing forth Arguable grounds that Are APParent. The Proper remedy Is to Abate the APPeal And remand the case to the trial Court with orders to APPoint other Counsel or Allow APPellant to Proceed Prose if he so desire.

## Prayer

The Appellant Prays that this Honorable Court After Notice And hearing here on, Enter An order to Abate the Appeal And remand the case to the trial Court with orders to Appoint Appellant other Counsel or Allow Appellant to Proceed Pro se If he so desire.

Respectfully,

_Sylvester Kelly_
Petitioner- Appellant